# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50355 | **DATE** | 7/7/2003 |
| **CASE TITLE** | NEPCO/Dick, et al. vs. LSP-NELSON ENERGY, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, Xcel's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL - 8 2003 | 30 |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7-8-03 | |
| | | courtroom deputy's initials | date mailed notice | |
| /SEC | | | | |

CLERK, U.S. DISTRICT COURT
03 JUL -7 PM 4: 16
FILED-WD

Date/time received in central Clerk's Office

mailing deputy initials

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

On August 12, 2002, plaintiff Dick Corporation ("Dick") filed suit in state court in Illinois against LSP-Nelson Energy, LLC ("Nelson"), SNC-Lavalin Constructors, Inc., NRG Energy, Inc. ("NRG"), Xcel Energy, Inc. ("Xcel") and PCL Industrial Construction, Inc. Dick was involved with the defendants in construction of a power plant in Minooka, Illinois. Dick alleges the defendants used plans (which were exclusive to the Minooka project) to construct a power plant in Dixon, Illinois. Dick claims defendants are liable for conversion and have been unjustly enriched. On September 18, 2002, defendants Nelson, NRG and Xcel removed the case to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. Xcel subsequently filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) which is currently before this court.[1] Jurisdiction is proper under 28 U.S.C. § 1332.

The Seventh Circuit stresses "there is no requirement in federal suits of pleading the facts or elements of a claim, with the exceptions . . . listed in Rule 9." Walker v. Thompson, 288 F.3d 1005, 1007 (7th Cir. 2002). "A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts. The federal rules require . . . only that the complaint state a claim, not that it plead the facts that if true would establish . . . that the claim was valid." Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). See also Walker, 288 F.3d at 1011 (Ripple, J., concurring) ("[S]o long as the pleading contains facts sufficient to permit the district court and defendant 'to understand the gravamen of the plaintiff's complaint,' it satisfies notice pleading requirements.") (quoting Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999); (Kirskey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999) ("All that's required to state a claim in a complaint filed in federal court is a short statement, in plain (that is, ordinary, non-legalistic) English, of the legal claim").

In its complaint, Dick specifies its cause of action and who is allegedly responsible for the misuse of the Minooka drawings. The complaint alleges Xcel used the drawings to construct the Dixon facility and benefitted from the use of the drawings by greatly reducing its costs and economic risks (Compl. ¶¶22, 33) and was unjustly enriched by these actions through its ownership of NRG, which in turn owned LSP-Nelson. Contrary to Xcel's argument, these allegations are sufficient to support a claim against Xcel directly. From the information provided, both the court and Xcel are able to understand the nature of Dick's claim against Xcel. Although Xcel argues that Dick's pleading is insufficient under Illinois law, it is the federal pleading standard that applies. See Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 926 (7th Cir. 2003) ("That may be the Illinois pleading rule, but it of course does not apply in a federal court."). None of Dick's claims fall within the exceptions in Fed. R. Civ. P. 9, so basic notice pleading is sufficient to successfully state a claim. The plaintiff must only meet a very low threshold in order to satisfy the requirements of notice pleading. Whether Dick can prove its claims against Xcel must await another day.

For the reasons stated above, Xcel's motion to dismiss is denied.

---

[1] NRG filed for bankruptcy protection on May 14, 2003. The parties have asked that this motion proceed as to Xcel only.